# ALABAMA LIFE INSURANCE AND TRUST COMPANY *vs.* BOYKIN.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Acknowledgment of deed by married woman.*—The case of *Boykin v. Rain*, (28 Ala. 332,) as to the sufficiency of the acknowledgment of a deed by a married woman under the act of 1803, (Clay's Digest, 155, § 27,) re-affirmed.

2. *Constitutionality of act of 1858, relative to defective acknowledgments of deeds.*—The first section of the act of February 8, 1858, "to fix the mode of conveying the estates of husband and wife and for other purposes," (Session Acts 1857–8, p. 36,) which provides, that conveyances by husband and wife, theretofore made, shall not be held insufficient in law on account of defects in the certificates of acknowledgment, is unconstitutional.

APPEAL from the Circuit Court of Washington. Tried before the Hon. C. W. RAPIER.

THIS action was brought by the appellant, against James M. Boykin, to recover the possession of a tract of land, with damages for its detention. The case was submitted to the court below on an agreed statement of facts, with leave to either party to appeal. The land in controversy, as appears from the agreed statement of facts, belonged to Sarah M. McGrew, having been devised to her by her father. She afterwards married Robert F. Hazzard, and, on

the 7th February, 1844, joined with her said husband in conveying the land by mortgage to the plaintiff. This mortgage was acknowledged by Mrs. Hazzard before a notary-public, whose certificate, appended to the deed, was in these words: "This is to certify, that Mrs. Sarah M. Hazzard, wife of Robert F. Hazzard, was examined and interrogated by me privately and apart from her said husband, Robert F. Hazzard, when she declared that she signed, sealed, and delivered the above instrument of mortgage deed, on her own free will and accord, and without any force, persuasion, or threats from her said husband, and for the express purposes therein stated. In witness whereof," &c. The mortgage was assigned by the plaintiff to one Kernochan, at whose instance it was afterwards foreclosed in the chancery court at Mobile; the plaintiff becoming the purchaser at the register's sale, and receiving his deed. Mrs. Hazzard was divorced from her said husband in 1852 or 1853, and afterwards married the defendant, who went into the possession of the land claiming under her, and was in possession on the 3d September, 1858, when the suit was instituted. On these facts, the court instructed the jury to find a verdict for the defendant; to which charge the plaintiff excepted, and which is now assigned as error.

WM. BOYLES, and R. H. SMITH, for appellant.
DARGAN & TAYLOR, *contra.*

STONE, J.—In the case of *Boykin v. Rain,* (28 Ala. 332,) the same mortgage and certified acknowledgment were under discussion, which are the foundation of the present suit. In that case, the court held, that the certificate was not a substantial compliance with the requirements of the statute, and that consequently the title did not pass. That case was decided before I became a member of the court; but an application for a rehearing was submitted to the court after my election. The majority overruled the application, but I did not concur in their

conclusion. That decision has stood for seven years; and although I am not convinced of its correctness, I think more evil would result from overturning it now, than from adhering to it. Few deeds, if any, will be found so entirely like the one there construed, as to constitute that case a dangerous precedent; and uniformity of decision, in cases affecting rights of property, is one of the benefits that result from a well regulated judicial system. I adhere to that decision.

My brother, Hon. R. W. WALKER, fully concurs with me in the views above expressed.

[2.] The case of *Boykin v. Rain* standing as the law, it results that, up to February 8th, 1858, the title to the premises in controversy remained in Mrs. Hazzard, afterwards Mrs. Boykin, and those who succeeded to her title by operation of law. On that day, the act of the legislature was approved, "To fix the mode of conveying the estates of husband and wife, and for other purposes." Pamph. Acts, 36. It provides, "That no deed of conveyance of any land, heretofore *bona fide* made and executed by husband and wife, acknowledged by them before any judge, justice of the peace, notary-public, or other officer authorized by law, within this State, to take acknowledgments, and certified by him, shall be deemed or held invalid, or defective, or insufficient in law, by reason of any informality or omission in setting forth the particulars of the acknowledgment made before such officer as aforesaid in the certificate thereof; but every such conveyance and assurance, so made, certified, and acknowledged, as aforesaid, shall be as good and effectual for conveying the estate and interest of said husband and wife, or either of them, to the lands mentioned in the same, as if all the requisites and particulars of such acknowledgment as heretofore required by law were fully set forth in the certificate thereof." It is contended for appellant, that this statute cures the defects in the certificate of Mrs. Hazzard's acknowledgment of the mortgage.

While we admit, that the legislature may change or

modify the rules of evidence, and make these modified rules applicable to existing rights, and even to existing suits ; we think this .statute goes much farther. It attempts to make valid and effective that which was before inoperative and void ; effective to divest a title out of one, and vest it in another ; and this by a mere edict of legislation. It attempts to declare, not only what the law shall be, but what it has been. It has been well said, that, "to declare what the law *is*, or *has been*, is a judicial power ; to declare what the law shall be, is legislation."—*Per* Thompson, J., in the leading case of *Dash v. Vankleek*, 7 Johns. R. 496.

We think, that to give this statute operation as its words import, would be to break down the dividing wall between the legislative and judicial departments of the government, which, by the 1st section of the 2d article of our constitution, are declared to be distinct. Moreover, we should invade that part of the 10th section of our bill of rights which declares, that the citizen shall not "be deprived of life, liberty, or *property*, but by due course of law." A legislative edict, which takes property from one, and gives it to another, is not "due course of law."—*Saddler v. Langham,* 34 Ala. 329 ; *Dorman v. The State*, *ib.* 216.

The mortgage, and its acknowledgment, being, up to February 8th, 1858, inoperative and invalid against Mrs. Hazzard, the title to the lands was in her a vested right. This it was not within the power of legislation to take away.—*Coosa River Steamboat Company v. Barclay*, 30 Ala. 126·; *Dash v. Vankleek*, *supra ;* *Gilmore v. Shuter, Lev.* 27 ; *S. C.*, 2 Mod. 310 ; *Couch v. Jeffries*, 4 Burr. 2462 ; *Houston v. Bogle*, 10 Ired. 503 ; *McCrackin v. Hayward*, 2 How. U. S. 608 ; *People v. Sup. Westchester*, 4 Barb. Sup. Ct. 75 ; *Holmes v. Holmes, ib.* 300 ; *Wright v. Marsh*, 2 Green, (Iowa,) 118 ; *Norman v. Heist*, 5 Watts & Serg. 173.

We are aware that there are some decisions in Pennsylvania, which lay down a rule different from ours ; but we think them wrong in principle, and not to be followed.

The judgment of the circuit court is affirmed.

33

A. J. WALKER, C. J.—I was on the bench when the opinion in *Boykin v. Rain* (28 Ala. 332) was delivered. That opinion had the full sanction of my judgment. The argument and investigation on this appeal has not shaken, but has served to confirm the conviction previously entertained. I hold, that the opinion in *Boykin v. Rain* was right; and I base my assent to an affirmance upon the intrinsic merits of the questions involved, and not upon the doctrine *of stare decisis*.