## BOARD OF REVENUE AND ROAD COM'RS OF MOBILE COUNTY et al. v. PUCKETT.

### 1 Div. 751.

Supreme Court of Alabama.

June 8, 1933.

Rehearing Denied Oct. 12, 1933.

Gordon, Edington & Leigh, of Mobile, for appellant.

Wm. H. Cowan and George S. Taylor, both of Mobile, for appellees.

**FOSTER, Justice.**

This case is controlled by the validity or not of an act of the Legislature passed over the veto of the Governor July 25, 1931 (Local Acts 1931, page 249), by which an appropriation of funds from the general treasury of Mobile county was made for Mrs. Puckett on account of the death of her husband, which the act alleges occurred while he was performing his duties as an employee of Mobile county.

The first contention made on behalf of the county authorities is that it violates section 94 of the Constitution. This court, in Garland v. Board of Revenue, 87 Ala. 223, 6 So. 402, made a comprehensive exposition of the purpose and meaning of the same provision in the Constitution of 1875 (article 4, § 55). Several counties had subscribed for stock in railroad corporations, issued bonds for that purpose, from which disastrous consequences ensued. It was said that the provision was mainly to prevent a recurrence of such consequences, but that its terms were comprehensive enough to exclude any aid to private enterprises. It was also said to include in its prohibition a direct loan or grant to an individual. Griffin v. Jeffers, 221 Ala. 649, 130 So. 190; Stone v. State, 223 Ala. 426, 136 So. 727.

The only ground for controversy in this connection relates to a proper application of the principle; to ascertain whether the appropriation is a grant to an individual, without a public benefit.

It is conceded that though section 94 directly prohibits the grant of authority to counties, etc., to make grants to individuals, it would also prohibit the Legislature from making a donation of county funds to a private person without sufficient consideration. Stone v. State ex rel., etc., 223 Ala. 426, 136 So. 727. Not here considering its right to provide relief for the poor. Section 2787 et sec., Code; section 88, Constitution. This involves two questions argued by counsel: (1) Can the Legislature make any appropriation of the county general funds, and (2) does the act show a sufficient public consideration for such an appropriation?

In connection with the first inquiry, we quote as follows from State v. Brewer, 64 Ala. 287, pages 294, 295: "Whatever of power may be exercised by the different or all the departments of the local government which may be ordained, is the power of the State, delegated to the county. A limited power of taxation, for local purposes and advantages, is vested in some designated tribunal. It is but a parcel of the power of taxation residing in the State; is in part exercised by the State, through the appointed agency; and, except in the purposes to which the revenues derived by the exercise of the power may be applied, there is but little room for distinguishing between State and county taxation. The power conferred, as between the county and State, may be at any time withdrawn, or modified, or altered at the legislative will. The taxes levied for county purposes, while in process of collection, or after collection, may be withdrawn from the county, or from its treasury, and appropriated *as the legislature may direct.* There can be no ground for complaint—the State is not dealing with an individual, nor with a corporation, having or claiming adverse rights. It is simply in the pursuit of its own policy, adapting that policy to public necessities and exigencies, as may be deemed most promotive of public rights and interests." [Italics supplied.]

The court then did not have a constitutional provision such as section 215. But since its adoption in the Constitution of 1875 (section 5, article 11) this court has had the following to say in that connection: "A fallacy of the argument of counsel, fatal to it, lies in the supposition that the constitution grants to a county power of taxation, and that the power of taxation which legislation may delegate to them is in any proper sense a constitutional power. It is power derived from legislation, and may be withheld or changed or modified at legislative discretion, no element of contract with third persons intervening, compelling a levy and appropriation of taxes. Edwards v. Williamson, 70 Ala. 145." State v. Street, 117 Ala. 203, 210, 23 So. 807, 809; Phoenix Carpet Co. v. State, 118 Ala. 143, 151, 153, 22 So. 627, 72 Am. St. Rep. 143; State v. Butler, 225 Ala. 191, 142 So. 531.

We have fallen in line with other courts, without exception, so far as we know, which hold that it is not a mere donation for the Legislature to make an appropriation for a member of the State Militia injured in the line of his duty. State v. Clements, 220 Ala. 515, 126 So. 162. Some courts have gone further, and held, with none to the contrary, that an appropriation for the relief of the widow of a public officer killed in the performance of his duty is not within the operation of constitutional provisions prohibiting donations in aid of an individual. State of Wyoming v. Carter, 30 Wyo. 22, 215 P. 477, 479, 28 A. L. R. 1089, Anno. page 1100; In re Opinion of Justices, 175 Mass. 599, 57 N. E. 675, 677, 49 L. R. A. 564.

▮▮ In the case of State of Wyoming v. Carter, supra, some observations were made which seem to us to be sound and pertinent in this case. It is there conceded, whether the Constitution so expressly provides or not, that an appropriation of public revenues must be for a public purpose. It is there said that an appropriation to pay a just claim against the state is necessarily for a public purpose. That "in a sense, of course, every payment not legally enforceable might be said to be a gift. But courts have not, generally, construed that term as broadly as that." On the other hand, it is there said to be "a claim which a state may recognize, it need not be such as is legally enforceable, but may be a moral claim, one based on equity and justice." It quotes from U. S. v. Realty Co., 163 U. S. 427, 16 S. Ct. 1120, 41 L. Ed. 215, construing constitutional authority of Congress to pay "debts" of the United States, as follows: "The term 'debts' includes those debts or claims which rest upon a merely equitable or honorary obligation, and which would not be recoverable in a court of law if existing against an individual. The nation, speaking broadly, owes a 'debt' to an individual when his claim grows out of general principles of right and justice; when, in other words, it is based upon considerations of a moral or merely honorary nature, such as are binding on the conscience or the honor of an individual, although the debt could obtain no recognition in a court of law."

Likewise in the Massachusetts case (Opinion of Justices), supra, the court refers to the fact such an appropriation may be made only "in a case where it fairly can be thought that the public good will be served by the grant of such an unstipulated reward, but that it has not that right where the only public advantage is such as may be incident and collateral to the relief of a private citizen. To a great extent the distinction must be left to the conscience of the legislature. Whether a judicial remedy could be found if a clear case should arise of an unconstitutional appropriation it happily is unnecessary to inquire."

▮ Though we may not entertain any doubt of the last inquiry mentioned above, it is clear that whether an appropriation is a donation, or whether it is the recognition of an honorable claim against the public, and therefore for the public purpose, is primarily addressed to the Legislature. We may here concede that if the act on its face showed a claim which was not right or fairly just against the state or county, it should be classified as a donation without consideration to the public. Whether and when the courts could or should look beyond the recitals of the act to inquire into such matters is not now before us. In this case, the question is controlled by such recitals.

▮ The act states that it is compensation to the widow by reason of the death of her husband while he was working as an employee and performing his duties as such for Mobile county, Ala., but under such circumstances that his widow has no recourse at law to recover damages. It does not allege what those circumstances are, and the record does not undertake to set them out in any respect. Taking the literal recital of the act, it could be that his death, though it occurred while he was so engaged, did not arise out of and in the course of his employment, but arose from some circumstance wholly disconnected from it. When the Legislature passed the act we may assume that they understood that if his death did not arise out of and in the course of his employment, though we have no statute of constitutional enactment, which so declares, it should not be classed as an occasion for the payment of public revenues. We believe that such is sound in theory, and it is the declared policy of this state as applied to private enterprises. Section 7534, Code.

▮▮ The Legislature has to a great extent the right to determine the question, and its determination is conclusive when it does

not clearly appear to be wrong, assuming that we have the right to differ with them in their finding. And though the recital in the act of the consideration lacks an element which is probably controlling, such omission is not conclusive that it is lacking. Taken on its face, it is our duty to assume that the Legislature acted within constitutional limits and did not make a donation, when such construction is not inconsistent with the recitals of the act.

If we are correct thus far, it follows that we cannot strike down the act as a mere donation of public funds to an individual without a public purpose to be subserved.

We do not understand this question to include those legislative acts which attempt to create a cause of action out of an existing transaction, when none was then provided (Coosa River Steamboat Co. v. Barclay, 30 Ala. 120), nor to confer on one property rights to the detriment of another (Banks v. Speers, 97 Ala. 568, 11 So. 841, 38 Am. St. Rep. 192; Alabama Life Ins. & Trust Co. v. Boykin, 38 Ala. 510), nor to destroy or impair remedies, nor to destroy a cause of action after suit has been commenced.

The act does not relate to a cause of action, remedy, or defense. It only relates to the payment of a claim which was not a lawful claim, and is not made lawful by the act. It does not validate an unlawful claim. Its theory is the *payment* of a just and righteous demand, though not legal. The purpose is not to authorize the enforcement of a claim, but to provide for its payment. So that we do not think section 95, Constitution, is sufficient to strike it down.

Again, it is claimed that the act violates section 45, Constitution, because in the title it is not definitely declared that the appropriation is of the county funds of Mobile county, whereas such is in its body.

Since the title shows payment is provided as compensation for the death of a county employee of Mobile county, one would not be misled, we think, by its provision that the payment shall be out of county revenues. The purpose of section 45, Constitution, is said to be mainly to inform the Legislature and the public of the one subject upon which they are to legislate, so that those interested will not be misled or deceived. Alabama G. S. R. Co. v. Reed, 124 Ala. 253, 27 So. 19, 82 Am. St. Rep. 166; Ex parte Pollard, 40 Ala. 77; Key v. Jones, 52 Ala. 238; Jordan v. McClure Lumber Co., 170 Ala. 289, 323, 54 So 415; Griffin v. Drennen, 145 Ala. 128, 40 So. 1016.

The act contains but one subject which is so clearly expressed in the title that we think the evils intended by section 45, Constitution, to forestall have no application.

Our judgment is that the act is not in violation of sections 94, 95, or 45 of the Constitution. No other question is here argued.

The judgment of the circuit court is consistent with our views, and it is affirmed.

Affirmed.

GARDNER, BOULDIN, and KNIGHT, JJ., concur.

ANDERSON, C. J., and THOMAS and BROWN, JJ., dissent.

ANDERSON, Chief Justice (dissenting).

It is conceded, and in fact the act recites, that the beneficiary therein had no legal claim against the county. This being so, the act authorizes a mere gift or donation in violation of section 94 of the Constitution. This provision appeared as section 55 of article 4 of the Constitution of 1875, which was construed in the case of Garland v. Board of Revenue of Montgomery County, 87 Ala. 223, 6 So. 402, and readopted without change in the Constitution of 1901.

THOMAS and BROWN, JJ., concur in the foregoing dissent.