Members of the Senate
State Capitol
Montgomery, Alabama
Dear Sirs:
The Honorable McDowell Lee, Secretary of the Senate, has forwarded to the Justices *1052 of the Supreme Court the following Senate Resolution No. 144, which requests an advisory opinion of the Justices relative to S.B. 316:
BE IT RESOLVED BY THE SENATE OF THE ALABAMA LEGISLATURE, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinion on the following important Constitutional question which has arisen concerning the pending S.B. 316, the purpose of which, as stated in the title, is to make appropriations for the ordinary expenses of the executive, legislative and judicial departments of the state, for other functions of government, for interest on the public debt, for capital outlay, and for the public schools for the fiscal year ending September 30, 1981. Copies of said S.B. 316 are attached to this resolution and made a part hereof as if set out herein by reference:
1. In view of Sections 93 and 94 of the Constitution of Alabama 1901 and this court’s decision in the case of Board of Road Commissioners of Mobile County vs Puckett, 227 Ala. 374, 149 So. 850, where this court stated “whether the Constitution so expressly provides or not, that an appropriation of public revenues must be for a public purpose” are the following appropriations of public funds contained in said S.B. 316 for a “public purpose” and valid or are they unconstitutional, viz: [Here follows a listing.].
Attached to Senate Resolution No. 144 is a copy of S.B. 316 which proposes appropriations, i. e., financial assistance, to some 57 specified non-state agencies in Section 2(E) which are listed and named in alphabetical order, the first being the Amos Alonzo Stagg Bowl and the last the Y.M.C.A. Youth Legislature.
The Senate has requested that we examine S.B. 316 in light of Board of Revenue and Road Commissioners of Mobile County v. Puckett, 227 Ala. 374, 149 So. 850 (1933). In that case, the Court held that an appropriation to pay a just claim against the state was for a public purpose, based upon the recitals in the act which set forth the public purpose for which the appropriation was made. In Puckett, supra, the Court stated that the question of whether or not an appropriation was for a public purpose was largely within the legislative domain rather than within the domain of the courts. The Court also stated that the Legislature would be presumed to have acted within constitutional limits:
Though we may not entertain any doubt of the last inquiry mentioned above, it is clear that whether an appropriation is a donation, or whether it is the recognition of an honorable claim against the public, and therefore for a public purpose, is primarily addressed to the Legislature. We may here concede that if the act on its face showed a claim which was not right or fairly just against the state or county, it should be classified as a donation without consideration to the public. Whether and when the courts could or should look beyond the recitals of the act to inquire into such matters is not now before us. In this case, the question is controlled by such recitals.
The act states that it is compensation to the widow by reason of the death of her husband while he was working as an employee and performing his duties as such for Mobile County, Alabama . . .
The Legislature has to a great extent the right to determine the question, and its determination is conclusive when it does not clearly appear to be wrong, assuming that we have the right to differ with them in their finding. And though the recital in the act of the consideration lacks an element which is probably controlling, such omission is not conclusive that it is lacking. Taken on its face, it is our duty to assume that the Legislature acted within constitutional limits and did not make a donation, when such construction is not inconsistent with the recitals of the act.
Board of Revenue and Road Commissioners v. Puckett, 227 Ala. 374, 149 So. 850 (1933).
*1053 We must respectfully observe that a determination of whether the appropriation to each of the 57 non-state agencies was for a public purpose vel non would be a mixed question of law and fact. We are authorized by Code 1975, § 12-2-10, to give our advisory opinion only on concrete, constitutional questions. Opinion of the Justices, 209 Ala. 593, 96 So. 487 (1923); Opinion of the Justices, 288 Ala. 89, 257 So.2d 336 (1972); Opinion of the Justices 356 So.2d 617 (Ala.1978). The mere recital that state funds are appropriated to organizations or other entities designated as non-state agencies cannot be conclusively determinative of the ultimate question, whether or not the appropriation is for a “public purpose.” Our careful consideration of the Senate Resolution requesting our opinion leads us to the conclusion that any opinion we might render would not be based upon our consideration of pertinent facts which we deem essential to giving a proper advisory opinion.
While we appreciate the serious concern of the Senate as to the constitutional propriety of this matter, we would opine that the Legislature of this State is in a much better position to evaluate and decide whether a proposed appropriation is for a proper “public purpose.”
In order to aid you in your deliberations and decisions we would point out the following:
In Board of Regents of University and State Colleges v. Frohmiller, 69 Ariz. 50, 208 P.2d 833, 838, it was said:
“ * * * What is ‘a public purpose’ depends in part upon the time (age), place, objects to be obtained, modus operandi, economies involved, and countless other attendant circumstances. * * *”
Generally speaking, however, it has for its objective the promotion of public health, safety, morals, security, prosperity, contentment, and the general welfare of the community. Blumenthal v. City of Cheyenne, 64 Wyo. 75, 186 P.2d 556, 561-562; Platte Valley Public Power and Irrigation Dist. v. Lincoln County, 144 Neb. 584, 14 N.W.2d 202, 205, 155 A.L.R. 412; State ex rel. McClure v. Hagerman, 155 Ohio St. 320, 98 N.E.2d 835, 838.
Clifford v. City of Cheyenne, 487 P.2d 1325, 1329 (Wyo.1971).
The paramount test should be whether the expenditure confers a direct public benefit of a reasonably general character, that is to say, to a significant part of the public, as distinguished from a remote and theoretical benefit. Opinion of the Justices, 347 Mass. 797, 197 N.E.2d 691 (1964). For an extensive list of cases demonstrating the manner in which courts have interpreted the phrase “public purpose,” see: 35 Words and Phrases “Public Purpose” p. 553 (and the pocketpart thereof). See also: 56 AmJur. Municipal Corporations, § 579 et seq. The trend among the modern courts is to give the term “public purpose” a broad expansive definition.
There is no fixed static definition of “public purpose.” It is a concept which expands with the march of time. It changes with the changing conditions of our society. What today is not a public purpose may to future generations yet unborn be unquestionably a public purpose. “Public purpose” is a flexible phrase which expands to meet the needs of a complex society even though the need was unheard of when our State Constitution was adopted in 1842.
Opinion to the Governor, 112 R.I. 151, 308 A.2d 809 (1973).
For the reasons set forth above, we must respectfully decline to answer the question propounded to us by Senate Resolution 144.
Respectfully submitted,
C. C. Torbert, Jr.,
Chief Justice
Hugh Maddox,
James H. Faulkner,
Reneau P. Almon,
Janie L. Shores,
T. Eric Embry,
Sam A. Beatty,
Associate Justices