# East *et al. v.* Eichelberger.

*Action by Tax Assessor against Tax Collector and Sureties on his Official Bond for Commissions.*

1. *County taxes levied for special purposes; tax assessors not entitled to commissions on.*—Under the statute regulating the compensation of tax assessors (Code of 1876, § 401), those officers are only entitled to commissions on such county taxes as are levied for the general purposes of the county, or for the ordinary current expenses thereof, and not on county taxes levied for special purposes.

2. *Same.*—A tax assessor is, therefore, not entitled to commissions on taxes which were levied by the court of county commissioners for the purpose of rebuilding or repairing the county jail.

APPEAL from Randolph Circuit Court.
Tried before Hon. JOHN HENDERSON.
The facts are sufficiently stated in the opinion.

JOHN T. HEFLIN, for appellants.

(The record does not disclose the name of appellee's counsel.

SOMERVILLE, J.—This is a suit by the appellee, as tax assessor, against the tax collector of Randolph county and the sureties on his official bond, for a sum of money claimed to be due plaintiff as commissions on certain *special* taxes, levied by the court of county commissioners for the purpose of rebuilding and repairing the county jail. These taxes were collected by the tax collector, and paid into the county treasury without reserving any commissions for the assessor, as it is the duty of tax collector to do in the case of *general* taxes.

It is urged by appellant's counsel that the statute regulating the compensation of tax assessors can not be construed to authorize them to charge commissions on special taxes levied for county purposes, but only on general taxes, or such as are levied for the ordinary current expenses of the county. It is our

judgment that this is the proper construction of section 401 of the Code relating to this subject.

A cursory glance at the duties of tax assessors renders this view obvious. They are required, in the first place, diligently and carefully to ascertain every article of property subject to taxation in their respective counties.—Code, 1876, § 393. The duty is further enjoined of making out a book of assessment which is required to be returned to the judge of probate on or before the first Monday of July of each year.—*Ib.* § 400. In this book the assessor is required to enter a list of the taxable property of each tax payer in his county, with the value of each article or item, as adjudged by the assessor, and the amount of deductions to which he may be entitled.—*Ib.* 389. After the faithful discharge of these duties, which involve the assessment of escaped taxes and a personal demand by the assessor on delinquents, nothing more remains to be done by him. His official duties are ended.

His compensation, as specified in section 401 of the Code, is for these services. It is in the form of a percentage, or rate of commission, on the amount of taxes received by the tax collector for the State, and also the like rate of commission "upon *the amount of the county taxes.*"—*Ib.* § 401. We are of opinion that this means the amount of *general* taxes, or such as are levied and collected for the ordinary current expenses of the county. It can not be construed to include *special* taxes, or such as are levied for specific or particular purposes. The levy and collection of the latter class of taxes impose no additional labor or service on the assessor. It can not be intended that he should receive extra compensation, originating in the accidental and unforeseen necessities of the county, when he performs no additional service as a *quid pro quo* for such compensation. All county taxes are levied by the several courts of county commissioners, being merely based upon the list of taxable property and valuations prepared by the assessor. It is the duty of the probate judges, not of the assessors, to "make a book containing in concise form the amount of taxes due by each tax payer," as required by the statute, which book is delivered to the tax collector, and, in each several case, constitutes his warrant of authority to collect the taxes so assessed and levied.—Code, 1876, § 435.

We think that the equity of the whole scheme of compensation, provided by the statute in the case of tax assessors, can be better preserved by being guaged with reference to the general taxes of the county. This is the natural and more reasonable construction of the law, and works no injustice to any one. It should therefore prevail.

This view of the case renders unnecessary the consideration

[McCullough v. Flournoy.]

of any other question raised by the record. The rulings of the court were adverse to the·conclusion above reached; and the judgment of the Circuit Court will be reversed and the cause remanded.