(111 So. 41)

## BIRMINGHAM ELECTRIC CO. v. HARRY.
### (6 Div. 654.)

(Supreme Court of Alabama. May 6, 1926. Rehearing Denied June 24, 1926. Further Rehearing Denied Jan. 20, 1927.) ·

1. **Statutes ⬳67—Jefferson county is without constitutional provision prohibiting enactment regulating court costs not applicable to all counties (Constitutional amendment of 1912 [see Acts 1911, p. 47]; Const. 1901, § 96).**

Constitutional amendment of 1912 (see Acts 1911, p. 47) placed Jefferson county without operation and effect of Const. 1901, § 96, prohibiting enactment of law regulating court costs not applicable to all counties.

2. **Statutes ⬳8½(1), 93(5)—Act imposing library maintenance tax as costs in counties having population of 200,000 or more held local law and nullified by statute requiring publication prior to introduction of bill (Acts 1919, p. 825, as amended by Acts 1923, p. 560; Const. 1901, §§ 106, 110; constitutional amendment of 1912 [see Acts 1911, p. 47]).**

Acts 1919, p. 825, as amended by Acts 1923, p. 560, levying library tax as costs in civil cases in counties having population of 200,000 or more, *held* not general but local law, in view of Const. 1901, § 110, and is nullified by section 106, requiring publication prior to introduction of bill for local law, since operation is limited to one county, and there can be no classification of counties as to population, so far as concerns subject-matter of constitutional amendment of 1912 (see Acts 1911, p. 47).

Petition for Certiorari to Court of Appeals.

Petition of the Birmingham Electric Company for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Birmingham Electric Co. v. Ida Harry, 21 Ala. App. 483, 111 So. 39. Writ awarded; reversed and remanded.

Bradley, Baldwin, All & White and Lee C. Bradley, Jr., all of Birmingham, for appellant.

Acts 1919, p. 825, is violative of section 96 of the Constitution. Bradley v. State, 69 Ala. 318; Tillman v. Wood, 58 Ala. 578; Jackson v. Sherrod, 207 Ala. 245, 92 So. 481; Osborn v. Henry, 200 Ala. 353, 76 So. 119. The Jefferson county amendment does not save the act as a general law. Randolph v. Builders', etc., Co., 106 Ala. 501, 17 So. 721. The classification attempted is arbitrary and void. Gulf Co. v. Ellis, 165 U. S. 150, 17 S. Ct. 255, 41 L. Ed. 666; Vaughan v. State, 212 Ala. 461, 103 So. 38; 1 Lewis' Sutherland, Stat. Const. 388. The act is local. Const. § 110; State v. Sayre, 142 Ala. 641, 39 So. 240, 4 Ann. Cas. 656; Reynolds v. Collier, 204 Ala. 38, 85 So. 465; Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209. The act is void for failure of compliance with section 106.

Vaughan v. State, supra; Roper v. State, 210 Ala. 440, 98 So. 286; Reynolds v. Collier, supra.

Thos. C. McClellan and Hugo L. Black, both of Birmingham, for appellee.

Section 96 of the Constitution has no application to Jefferson county. Amendment 11, Code 1923, p. 429. Costs, fees, etc., in Jefferson county, may be fixed or altered by general as well as local laws. Waldrop v. Henry, 207 Ala. 128, 92 So. 425; Sloss Co. v. Brooks, 19 Ala. App. 107, 96 So. 81; Id., 209 Ala. 264, 96 So. 83; Board of Rev. v. Kayser, 205 Ala. 289, 88 So. 19. In passing upon the constitutionality vel non of a statute, the court will adjudicate the question upon the facts as they are, and not upon what they perhaps will be. 12 C. J. 286; Pullman Co. v. Knott, 235 U. S. 23, 35 S. Ct. 2, 59 L. Ed. 105. The classification employed in the act is not improper. State v. Thompson, 193 Ala. 561, 69 So. 461; Board of Rev. v. Huey, 195 Ala. 83, 70 So. 744. A constitutional amendment must prevail over any inconsistent provision of the instrument amended. 12 C. J. 759; Taylor v. Woods, 52 Ala. 474; State v. Birmingham So. Ry. Co., 182 Ala. 491, 62 So. 77, Ann. Cas. 1915D, 436. In interpreting a Constitution or an amendment thereto, every part and every word must be accorded operation and meaning. 6 R. C. L. 48; Perry Co. v. Railroad Co., 58 Ala. 556.

SAYRE, J. This application for certiorari to the Court of Appeals presents but one question, viz. the constitutional validity of the act approved September 29, 1919 (Acts 1919, p. 825), entitled "An act to provide a fund for support of a law library for the circuit court in counties of two hundred thousand or more inhabitants, without appropriations from the state or county treasury." This act was amended by an act approved September 27, 1923 (Acts 1923, p. 560), but the amendment made no difference in the question presented.

The decision in Swann & Billups v. Kidd, 79 Ala. 431, suffices to answer every objection taken against the act on constitutional grounds, save one, which we will proceed to consider.

The act in question pretends on its face to be based upon a classification which has often been held in this court sufficient to sustain legislative acts as general laws. Classification of this character—that is, classification based upon population—has generally served as a mere cloak for local laws, but always there has been the possibility at least that such laws might eventually extend to the whole state. In the present case there is no such possibility, and for that reason we think the act in question cannot be sustained as a general law.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Section 96 of the Constitution provides that:

"The Legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers."

The "library tax" levied by this act is a charge upon litigation, and we can conceive of no plausible reason why it should not be held to fall within the purview of the above-mentioned section of the Constitution, if that section were operative in Jefferson county. But in 1912 (see Acts 1911, p. 47) an amendment to the Constitution was adopted as follows:

"The Legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county, including the method and basis of their compensation."

And this amendment is by the Court of Appeals very correctly adjudged to place Jefferson county without the operation and effect of section 96.

[2] The question remains whether the act in question, the Act of September 29, 1919, is a local or general law. It is conceded on all hands that, if the act is local, it is nullified by section 106 of the Constitution, which requires publication in such cases, prior to the introduction of the bill, proof of which shall be spread upon the journals of the Legislative Houses, and that:

"The courts shall pronounce void every special, private, or local law which the journals do not affirmatively show was passed in accordance with the provisions of this section."

Section 110 of the Constitution is familiar. It defines general and local laws as follows:

"A general law within the meaning of this article [the article on the Legislative Department] is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole."

According to these definitions, the law in question is a local law, unless the classification which it attempts saves it from that class, suffices to make of it a general law. Its claim to generality rests entirely upon that classification. But the operation of the amendment, supra, is limited to one county; the operation of the act in question is now and always will be limited to one county; no other county can come within the act, for invariable uniformity throughout the state—outside of Jefferson, now that the Constitution has been amended (Jackson v. Sherrod, 207 Ala. 247, 92 So. 481)—is insured by section 96. It follows, necessarily, that there can be no classification of counties with reference to population so far as concerns the subject-matter of the amendment of the Constitution. Jefferson, for the benefit of which the amendment was adopted, is sui generis; no other county, in respect of the subject-matter of the amendment, can ever be classed with it under the Constitution as it now is. So, then, the effort at classification means nothing. The act in question is a local law, notwithstanding the form in which it is cast, and falls under the condemnation of section 106 of the Constitution.

By the amendment of the Constitution, to which reference has been made, the Legislature is authorized "by general or local laws" to regulate and alter charges, etc. We venture the opinion that the reference to general laws, construed in connection with the rest of the Constitution, means that the Legislature may re-establish a uniformity once broken or in the matter of charges, etc., hereafter provided for; but that is of no consequence in this case, because we are clear to the conclusion that the act levying a "library tax" is a local law.

Writ awarded; judgment of the Court of Appeals reversed, and cause remanded to that court for a judgment in agreement with this opinion.

Writ awarded, judgment reversed, and cause remanded.

All the Justices concur.

### On Rehearing.

If the opinion heretofore written may be understood in the sense in which it was intended, there need be no apprehension about the constitutional validity of certain acts of the Legislature at the session of 1919 affecting the salaries of public officers in Montgomery county. Obviously a majority of these acts are wholly untouched by section 96 of the Constitution. In two of them, viz. the act fixing the salary of the tax assessor (Acts 1919, p. 108) and the act fixing the salary of the tax collector (Acts 1919, p. 263), it was provided that the officers in question should receive "allowances" for clerical help; but the provision in both is that the clerical help shall be regularly employed and shall be paid in monthly installments. It is entirely clear that these so-called allowances do not go to the officers named, and that the compensation of clerical help is not an allowance to public officers, but the "allowances" for clerical help in the cases mentioned, under the decisions of this court, are, notwithstanding the language employed, not allowances even to the clerical help employed, but salaries, with which section 96 of the Constitution has no sort of concern. Dane v. Smith, 54 Ala. 47; Brandon v. Askew, 172 Ala. 168, 54 So. 605. But those acts relating to Montgomery county are not involved in this case; they are cited, we assume, with the purpose to illustrate the legislative understanding of "general law," but in fact they mean nothing in this case which turns upon three constitutional propositions: (1) The definition of general and local law; (2) the

prescription of uniformity embodied in section 96; and (3) the requirement as to publication in the case of local laws as set forth in section 106.

By a later addition to appellee's brief, acts to be found on pages 15, 19, 21, 86, 151, 220, 248, 268, 269, 342, and 552, of the Acts of 1923, are called to our attention as further illustrating the legislative construction of the Constitution. These acts all relate to salaries of public officers in Jefferson county. Salaries of public officers in Jefferson county are also mentioned in the constitutional amendment of 1912. But salaries of public officers are not affected by section 96 of the Constitution. It appears to have been suggested in Brandon v. Askew, supra, that a salary should be considered an allowance within the meaning of section 96; but the court said:

"We have no difficulty in reaching the conclusion that solicitors are not compensated by allowances, but by salaries only, and that the constitutional provisions here relied upon by the appellee [as reason for holding void the act providing, inter alia, that the solicitor of the fifteenth circuit should receive a salary of $1,800 per annum] have no bearing upon his case."

These numerous legislative acts, referred to, have in truth nothing to do with this case; but, to allay apprehension, we have given them notice as above.

Application overruled.