(117 So. 83)

**MOBILE COUNTY v. BYRNE.  (I Div. 486.)**

Supreme Court of Alabama.  May 10, 1928.

Smiths, Young & Johnston, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

**6**

BROWN, J. Action of assumpsit for money had and received, instituted by the appellee against Edward J. Huet. The money, the subject-matter of the suit, came into the hands of the defendant, as clerk of the inferior criminal court of Mobile county, as costs and fees assessed and collected in criminal cases disposed of in said court, and the plaintiff, who is the sheriff of the county, asserts his right to recover these costs and fees, under the provisions of the act of the Legislature approved September 29, 1923, entitled:

"An act to prescribe the duties of sheriffs, as *to inferior courts in all counties having a population of over eighty thousand according to the last federal census,* or which may hereafter have such population according to any federal census hereafter taken, *in which the sheriff is not on a salary basis under and by virtue of a constitutional amendment,* and to fix the compensation of the sheriffs of *such counties,* as well as the compensation of the sheriff of all other counties *in which* the sheriffs are now or may hereafter be required to perform for the inferior criminal courts of their respective counties *the services and duties by this act specified and enumerated for sheriffs of counties having a population of over eighty thousand,* for executing process out of *such courts,* and for other services rendered in or to *such courts,* and to provide the method of payment and to limit the amount of fees and allowances to be paid by counties in cases wherein the fine and costs are not paid by convicted defendants, and to repeal all laws and parts of laws, general, local, private and special, in conflict herewith." Gen. Acts of 1923, p. 675.

Before issue joined, the defendant, Huet, made affidavit as prescribed by section 10386 of the Code, alleging that the county of Mobile and George E. Stone, the treasurer of said county, "without collusion with him," claimed the money in controversy, and with the filing of the affidavit deposited the money in court. The county of Mobile and Stone were duly made parties, but, on motion of the plaintiff George E. Stone, as treasurer, was stricken as a party, and the case proceeded to judgment against the county, and from that judgment it has appealed.

The question of prime importance arises on the assertion of the appellant that the act under which the appellee claims was passed in violation of sections 45, 96, 104, 106, and 110 of the Constitution of 1901.

Pertinent to the history of the legislation involved and the questions presented, we observe, as a matter of judicial knowledge, that, by the local act approved February 23, 1899, "an inferior criminal court in the county of Mobile" was established, with the jurisdiction of justices of the peace in criminal, and certain quasi criminal, matters. The local act creating the court authorizes the judge of said court, or the clerk, under his direction, to tax the same costs and fees as are authorized to be taxed by justices of the peace, and provides that all processes issuing out of said court shall be addressed to the sheriff of the county, and imposed upon him the duty of executing such process, and, further, on the request of the judge of said court, to furnish bailiff to attend its sittings.

The act provided that all costs and fees collected should be paid into the county treasury, and that the officers of said court, the judge and clerk, should be paid a salary, and that the sheriff, for his services, should be allowed out of the county treasury a specified amount for the services performed. Local Acts 1898–1899, pp. 1164–1168.

By the local law approved February 21, 1907, the salaries of the judge and clerk, and the allowance to the sheriff, were increased; the allowance to the sheriff being fixed by the later act at $1,800 per annum, "to be paid monthly out of the county treasury." Local Laws 1907, pp. 87, 88.

The only counties in Alabama having a population according to the last federal census, in excess of 80,000, are Mobile, Montgomery, and Jefferson, and the sheriffs of Montgomery and Jefferson counties are "on a salary basis under and by virtue of a constitutional amendment relating specifically to each."

Section 1 of the act in question provides that sheriffs in all counties having a population of over 80,000, according to the last or any federal census hereafter taken, *in which the sheriff is not on a salary basis under and by virtue of a constitutional amendment* (excluding Montgomery and Jefferson counties), "shall perform all of the duties that are now required of them by law in the execution of process of whatever nature or kind that may be issued out of all inferior criminal courts *in such counties,* as well as all other duties now required of them in and to *such courts,* and in addition thereto shall be required to keep in attendance upon *such courts,* at all times, while *such courts* are in session, at least two bailiffs, one of whom must be a deputy sheriff."

Section 2 requires "the sheriffs *of each of such* counties" to furnish "the judge of the Inferior criminal court *in such counties,* every ninety days, a written report, giving the number of warrants received by him *from such inferior criminal court* during the preceding ninety days," showing what effort he

has made to execute them and what disposition has been made of them.

Section 3, dealing with fees and allowances, provides "that *such sheriffs*, and the sheriffs of all other counties of this state who are now or may hereafter be required by law to perform for the inferior courts, of their respective counties, *the services and duties of this act specified and enumerated*, shall receive as compensation for their services for executing process out of all *such inferior criminal courts*, the same fees as are now paid for like services rendered in or to circuit courts in this state, such fees to be paid and collected in the same manner as fees to sheriffs for like services are now paid and collected in the circuits courts of this state, the fees herein provided for to be in lieu of any and all salaries, fees or other compensation heretofore provided for any such sheriffs."

Section 4 repeals all laws, general, local, or special, in conflict with the act.

The only duties imposed on the sheriff by the Act of September 29, 1923, as relating to the inferior criminal court of Mobile, not imposed by the previous acts, is to make quadrennial reports to the judge, and to keep in attendance upon such court at all times while such court is in session "at least two bailiffs, one of whom must be a deputy sheriff," while under the previous acts he was only required to furnish a bailiff on request of the judge, as prescribed by the second section of the act creating the court.

■ The major subject of the Act of September 29, 1923, is to prescribe the duties of the sheriff in respect to inferior criminal courts, and to prescribe the fees and allowances, taxable as costs against defendants convicted therein, to be collected and paid to the sheriff as compensation for such service. As a subject of general application, in so far as it relates to prescribing the amount of the fees and allowances taxable as costs of court for services performed by public officers, it is one that must be dealt with by general law, applicable alike and with exact uniformity to all counties of the state, except the counties of Jefferson and Montgomery, which have been removed from this scheme of uniformity by special constitutional amendments. Constitution 1901, § 96; Seay's Compiled Amendments, 2 and 4; Acts 1911, p. 47; Acts 1915, p. 211.

■ This scheme of uniformity not only precludes legislative classification of counties on a population basis, as a means of enacting a general law fixing the amount of fees and allowances taxable as court costs as distinguishable from allowances for ex officio services, applicable to a local situation, but it precludes any kind of classification to this end. Vaughan, Probate Judge, v. State ex rel., etc., 212 Ala. 461, 103 So. 38; Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41.

■ Aside from the foregoing view, the classification adopted in the passage of this act is so restrictive as to designate rather than classify. The only duties imposed on the sheriff in respect to inferior criminal courts by "this act specified and enumerated" relate to such courts in counties having a population of over 80,000 or more, not including the counties of Jefferson and Montgomery, and section 3 of the act, which undertakes to prescribe the fees and allowances for such services and give the act a general application to such sheriffs and the sheriffs of all other counties, restricts its application by confining it to sheriffs who are now, or may hereafter, be required by law to perform for the inferior criminal courts of their respective counties, *not like services, but "the services and duties of this act specified and enumerated,"* thus limiting its operation, present and future, to the inferior criminal court of Mobile county. Such designation under the guise of classification has been repeatedly condemned. Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41; Board of Rev. of Jefferson County et al. v. Huey et al., 195 Ala. 83, 70 So. 744; State ex rel. Weakley, 153 Ala. 648, 45 So. 175; Reynolds, County Treas., et al. v. Collier, 204 Ala. 38, 85 So. 465.

This abortive effort at classification renders the act subject to the objection that it is a local law and section 106 of the Constitution was violated in its enactment. Const. 1901, § 110; Birmingham Elec. Co. v. Harry, supra; Henry, Treas., etc., v. State, In re Hartsfield, post, p. 71, 117 So. 626.

The judgment of the circuit court is reversed, and one here rendered denying the plaintiff's right to recover, and awarding the money in the hands of the clerk to the county of Mobile.

Reversed and rendered.

All the Justices concur, except GARDNER, J., not sitting.