Certified Questions from Court of Appeals.
Petition of Jim Daly for mandamus to Minus H. Johnson, as Clerk of the Circuit *Page 7 
Court of Walker County. From a judgment of nonsuit, petitioner appeals. On certified questions from the Court of Appeals.
Questions answered.
For opinion of Court of Appeals conforming to answers to certified questions, see 141 So. 910.
To the Honorable Supreme Court of Alabama:
Under the provisions of section 7322 of the 1923 Code of Alabama, we hereby submit to the Supreme Court of Alabama for determination the question of the validity, vel non, of the two acts of the Legislature of Alabama, following, to wit:
(1) Act approved August 9, 1907, "To better provide for the payment of witnesses in criminal cases who are summoned and appear for the State in the several courts of Walker county." Loc. Acts of Alabama 1907, p. 902. And
(2) Act approved August 25, 1909, evidently intended to be amendatory of the act described in the next above paragraph (though it purports to amend act approved November 23, 1907), "To amend section one of an act entitled, an act to make better provisions for paying witnesses who appear for and at the instance of the State in the trial and investigation of criminal cases and charges in the circuit court of Walker county, or the Walker county law and equity court or before the judges or grand juries of either of said courts, approved November 23, 1907. Be it enacted by the Legislature of Alabama, That section one of an act entitled, an act to make better provision for paying witnesses who appear for and at the instance of the State in the trial and investigation of criminal cases an charges in the circuit court of Walker county, or the Walker county law and equity court or before the judges or grand juries of either of said courts, approved November 23, 1907, be amended," etc. Gen. Loc. Acts of Alabama 1909, p. 415.
In a proceeding now pending before this court wherein one Jim Daly is the appellant and Minus H. Johnson, as clerk of the circuit court of Walker county, is the appellee — our number, 6 Div. 256 — the above-mentioned and described acts of the Legislature are attacked as being in violation of the Constitution of Alabama.
We are of the opinion that the first one of said acts, and, perforce, the second one, being amendatory thereof, is unconstitutional for the reason (if not others) set forth in the opinion of the Attorney General, found in the "Biennial Report of the Attorney General of Alabama, Oct. 1, 1928 to Sept. 30, 1930," at page 427.
Being without authority to "strike down" a statute, and, believing both the above mentioned and described acts void, for the reason noted, we are, as above stated, submitting the question of the validity, vel non, of each of said acts to you, for determination.
With great respect
 C. R. Bricken, Presiding Judge of the Court of Appeals of Alabama.
 Wm. H. Samford, Associate Judge, etc.
 James Rice, Associate Judge, etc.
To the Honorable Court of Appeals of Alabama:
Answering the foregoing inquiry, fees for state witnesses, including mileage, are fixed by general law. Section 3762, Code 1923.
The local act (Local Acts 1907, p. 902) applicable alone to Walker county, fixes these fees at a different per diem and mileage than the above-noted general act. Witness' fees constitute as much of the costs of the courts, and are as much a charge upon litigation, as the library tax considered in Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41.
The act in question runs counter to section 96 of our Constitution, and is therefore invalid as well as the act of 1909 (Gen. Loc. Acts 1909, Sp. Sess., p. 415), amendatory thereof. See, also, Vaughan v. State ex rel. Barker, 212 Ala. 461,103 So. 38.
All the Justices concur.