152 So. 26

**CROW v. BOARD OF SCHOOL COM'RS OF MOBILE COUNTY.**

**1 Div. 780.**

Supreme Court of Alabama.

Dec. 14, 1933.

Rehearing Denied Jan. 25, 1934.

108

Harry T. Smith & Caffey, of Mobile, for appellant.

Pillans, Cowley & Gresham, of Mobile, for appellee.

BROWN, Justice.

This is an action for money had and received, brought by the appellee against the appellant to recover money retained by the defendant as commissions out of special county and district taxes levied and collected for the purpose of maintaining the public schools of Mobile county. The complaint consists of the common count for money had and received as to each of the several items, and the plea was the general issue. The trial was by the court sitting without a jury, and the case was submitted on an agreed stipulation as to the facts.

The major item involved is $14,694.66, retained by the defendant, as tax collector, as his commission on the special county and district school tax deducted out of said taxes for the year 1930–31, under the provisions of section 3048 of the Code of 1923.

The contention of the plaintiff on the trial, and here, is that the act approved September 6, 1927, entitled, "An Act to fix the compensation of tax collectors, in counties of more than one hundred thousand population and less than one hundred and fifty thousand population according to the last Federal census or any subsequent Federal census, for collecting special county and district taxes now or hereafter levied for public school purposes" (General Acts 1927, p. 623), in legal effect amends said section 3048 of the Code, and governs as to the amount which the collector was entitled to retain $1,000, and that it is entitled to recover the taxes retained by the defendant, with interest, less $1,000.

The defendant, on the other hand, contends on the trial, and here renews the contention: (1) That said act of 1927 fixes an "allowance" for the services of the tax collector in collecting special county and district school taxes, not applicable to tax collectors of all the counties of the state, and, therefore, contravenes the provisions of section 96 of the Constitution of 1901 that, "The legislature shall not enact any law not applicable to all the counties in the state, *regulating* costs and charges of courts, or *fees, commissions or allowances of public officers.*" (Italics supplied.) (2) That the classification is not reasonably related to the subject dealt with by the act, and is such as to designate rather than classify, and is a local law, and was enacted in violation of section 106 and subsection 24 of section 104 of the Constitution.

The counter contentions of the plaintiff, appellee here, are: (1) That the sum of $1,000 fixed by the act is a "salary," and therefore not within the influence of section 96 of the Constitution. (2) That the classification is reasonably related to the subject of the act and that it is a general, not a local law. (3)

That being a "salary" and not within the influence of section 96, it was within legislative competency to abolish commissions for tax collectors and put them on a salary.

The language of the act is: "That in counties of more than one hundred thousand population, and less than one hundred and fifty thousand population, according to the last Federal census or any subsequent Federal census, *no fees nor commissions* shall be allowed to tax collectors for collecting special county and district taxes now or hereafter levied for public school purposes, but in lieu thereof the tax collector in such counties shall receive *a lump sum of one thousand dollars* which shall be retained by him from the taxes so collected by him. The tax collector shall also retain, from such taxes so collected, one thousand dollars as compensation to be paid to the tax assessor for his services rendered in assessing such taxes, and the tax collector shall pay over to the tax assessor the said sum of one thousand dollars so retained by the tax collector for the tax assessor; provided however, that this Act shall not take effect until the expiration of the terms of office of the tax collectors, in such counties, elected at the general election in November, 1926," followed by a repealing clause repealing conflicting laws. General Acts 1927, p. 623. (Italics supplied.)

At the time this act was passed, section 3048 of the Code provided for commissions on taxes collected, including general state and county taxes, special taxes, "whether such special taxes be levied for the state or county," and on special county and district taxes levied for school purposes.

█ The purpose and effect of the act of 1927, if it was constitutionally enacted into law, is not to abolish all of such commissions in the counties falling within the classification of the act, but to limit the commissions to state and county taxes, general and special, and abolish the commissions on a percentage basis on special county and district taxes levied for school purposes, substituting therefor a lump sum, and whether this lump sum be characterized as a "fee," "allowance," or "salary" (Autauga Banking & Trust Co. v. Allen, 220 Ala. 478, 125 So. 805), it deals with, touches, and restricts, and therefore regulates the commissions of public officers in counties within the classification, and offends the letter and spirit of section 96 of the Constitution. 53 C. J. p. 1174, § 2; State ex rel. Meyer v. Greene, Judge of Probate, etc., 154 Ala. 249, 262, 263, 46 So. 268; Mobile County v. Byrne, 218 Ala. 5, 117 So. 83; Vaughan, Probate Judge, v. State ex rel. Barker, 212 Ala. 461, 103 So. 38.

█ The mandate of section 96 of the Constitution is that "the legislature shall not enact any law *not applicable to all the counties in the state*" on the enumerated subject, and that means *presently applicable* when the

law takes effect, not *prospectively applicable* by mere further growth; hence the classification attempted cannot be sustained. Vaughan, Probate Judge, v. State ex rel. Barker, supra. (Italics supplied.)

The suggestion is made that the effect of the act of 1927, relating to the compensation of tax collectors, was merely to amend the Code by further classification so as to include counties of 100,000 population and upward, and that if the classification in the Code is valid, the classification in the act must be sustained, otherwise both must fall. The answer to this suggestion is that the classification embodied as an exception in section 3048 of the Code only embraces a single county—Jefferson—and under the amendment (Amendment 2), which removed that county from the influence of section 96, that "the Legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson County, including the method and basis of their compensation" (Michie's Code of 1928, page 87), might well have applied the exception to that county eo nomine.

In Henry, County Treasurer, v. State ex rel. Hartsfield, 218 Ala. 71, 117 So. 626, the court was dealing with a subject controlled by the above-quoted amendment, applicable only to the county of Jefferson.

Act No. 529 (General Acts 1927, p. 622), dealing with the commissions of tax assessors, is affected with the same infirmities as Act No. 532 (General Acts 1927, p. 623), and is likewise offensive to section 96 of the Constitution.

■■■ Another point in controversy between the parties is the basis on which the commissions allowed by sections 3040 and 3048 of the Code are to be calculated, and as to whether or not interest collected on delinquent taxes, special taxes arising from the assessment of automobiles, and special taxes on property sold and bought in by the state, are to be taken into account in computing commissions.

It is conceded that the rule of strict construction must be applied, and that the legislative intent is the essence of the law.

Appellant's contention is that the special county and district taxes levied for school purposes, whether assessed by the tax assessor or through the agency of the state tax commission, computed on the assessed valuation of the property, whether the taxes are collected or not—the gross levy—is the basis on which the commissions must be determined.

While the appellee contends that the assessor's commissions are to be predicated on taxes actually collected on assessments made by the assessor, as shown by the original abstract prepared by the assessor; that assessments subsequently made by the assessor, and assessments made by and through the agency of the state tax commission, property sold for taxes and bought in by the state, and the value of automobiles, are to be excluded from the computation.

When said sections of the Code (sections 3040, 3048) are interpreted in the light of related sections governing the assessment and collection of taxes, the legislative intent is clear that the commissions are allowed for services rendered, and the commissions are to be computed on the taxes—the money collected. Taxes on real estate sold for taxes and bought in by the state are treated as taxes collected. To quote from section 3040, " * * * the tax assessor shall be entitled to receive from the tax collector, *out of the first money collected by him*, giving him duplicate receipts therefor, one of which receipts shall be forwarded to the state auditor by the tax collector, the following commissions, to wit: In counties *where the collections including taxes on real estate bid in at tax sales by the state*," etc., then follows a classification of taxes and a graduation of the commissions on a percentage basis. (Italics supplied.)

And section 3048 provides: "The tax collector shall be entitled to receive commissions *on taxes* collected by him, including taxes on real estate bid in by the state at tax sale, as follows:" Then follows a like classification of the taxes, and the rate of commissions. (Italics supplied.)

The language stressed by the appellant to support his contention, "The tax assessor shall receive two per cent commission *on all special county and district taxes levied for school purposes*," is merely one of the classifications on which the graduated percentage operates, and does not indicate a different legislative intent from that first expressed in the statute. East et al. v. Eichelberger, 69 Ala. 187; Stewart v. Sample, 168 Ala. 270, 53 So. 182.

■ The assessor, however, is not entitled to commissions on taxes collected on assessments not made by him, but made through the agency of the state tax commission, on which commissions are allowed by law to the party who lists and assesses the property.

The foregoing is sufficient to indicate that the judgment of the circuit court, at least in some respects, is founded in error, and the judgment must be reversed. The facts as stated appear to be somewhat complicated, and proper judgment can best be rendered by the trial court, and the cause will be remanded.

Reversed and remanded.

All the Justices concur.