159 So. 258

### MOSES et al. v. TIGNER.

#### ·4 Div. 114.

Supreme Court of Alabama.
Jan. 31, 1935.

Let this response be certified to the Court of Appeals.

All the Justices concur.

159 So. 92

## WILLIAMS, Supt. of Banks, v. CENTRAL HANOVER BANK & TRUST CO.

## 7 Div. 301.

Supreme Court of Alabama.
Jan. 31, 1935.

PER CURIAM.

The act limits its application to counties, the boundary lines of which have been, since January 1, 1931. or hereafter may be, "altered or rearranged by the addition of new territory taken from any other adjoining County * * * if the County to which such territory is added have two Courthouses, or two offices where the Probate Court of said County is held and conducted" (Acts 1933, Ex. Sess., p. 120, § 1), a classification which, as a matter of judicial knowledge, can only apply, in the absence of future legislation, to the county of Russell. Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259.

While the act is general in form, it is clearly local in its application and effect, and the attempted classification must be condemned as designation rather than a classification. Mobile County v. Byrne, 218 Ala. 5, 117 So. 83; Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41.

The act was passed in violation of the provisions of section 106 of the Constitution, and must be pronounced unconstitutional and void. Const. 1901, §§ 106, 110.

It is a matter of serious doubt whether it could be upheld, even if section 106 of the Constitution had been complied with. See Bridges v. McWilliams, Chairman of Democratic Executive Committee, 228 Ala. 135, 152 So. 457, and Crow v. Board of School Com'rs of Mobile County, 228 Ala. 107, 152 So. 26.