in its refusal to give at the request of defendant the general charge as to count 6. Marianna Mfg. Co. v. Boone, 55 Fla. 289, 45 So. 754.

Charges 1 and 2 were directed at both counts 1 and 2. Under the evidence, the jury was warranted in finding a verdict for plaintiff on the second count, and charges directed at both counts were properly refused.

The bill of exceptions does not disclose an exception reserved to the ruling of the court on the motion for a new trial. The rule as stated by the Supreme Court is: "The ruling of the court denying the motion must be shown by the bill of exceptions, together with the fact that exception was reserved thereto." In the condition of this record we may not review the action of the court in overruling the motion for a new trial. Stokes v. Hinton, 197 Ala. 230, 72 So. 503, 504; King v. State, 23 Ala. App. 237, 123 So. 290; Yates v. Barnett, 215 Ala. 554, 112 So. 122.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.

Roy L. Smith, of Phenix City, for appellants.

J. W. Brassell, of Phenix City, for appellee.

159 So. 259

**MOSES et al. v. TIGNER.**

**4 Div. 114.**

Court of Appeals of Alabama.
Feb. 5, 1935.

SAMFORD, Judge.

The petition for mandamus is based upon an act of the Legislature of 1933, approved April 11, 1933, entitled "An Act To provide for the more efficient and convenient assessment and collection of State and County taxes in every county of the State of Alabama whose boundary lines have been altered or rearranged by the addition of new territory thereto, or by the transfer of territory therefrom, or both, and to provide compensation therefor." Acts 1933, Ex. Sess., p. 120.

The judges of this court having reached the unanimous conclusion that said act was in violation of the Constitution of 1901, and was therefore void and of no effect, referred the question to the Supreme Court under and by authority of section 7322 of the Code of 1923, to which was the following response:

"The Act limits its application to counties, the boundary lines of which have been, since January 1, 1931, or hereafter may be, 'altered or rearranged by the addition of new territory taken from any other adjoining county * * * if the county to which such territory is added have two courthouses, or two offices where the Probate Court of said county is held and conducted,' a classification which, as a matter of judicial knowledge, can only apply, in the absence of future legislation, to the county of Russell. Henry, County Treasurer, v. Wilson, 224 Ala. 261, 139 So. 259.

"While the act is general in form, it is clearly local in its application and effect, and the attempted classification must be condemned as designation rather than a classification. Mobile County v. Byrne, 218 Ala. 5, 117 So. 83; Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41.

"The act was passed in violation of the provisions of section 106 of the Constitution, and must be pronounced unconstitutional and void. Const. 1901, §§ 106, 110.

"It is a matter of serious doubt whether it could be upheld, even if section 106 of the Constitution had been complied with. See Bridges v. McWilliams, Chairman of Democratic Executive Committee, 228 Ala. 135, 152 So. 457, and Crow v. Board of School Com'rs of Mobile County, 228 Ala. 107, 152 So. 26.

"Let this response be certified to the Court of Appeals.

"All the Justices concur."

The act above being void, the judgment is reversed, and a judgment will here be entered dismissing the petition.

Reversed and rendered.

159 So. 370

## COOPER v. STATE.

### 8 Div. 993.

Court of Appeals of Alabama.

Feb. 12, 1935.

Proctor & Snodgrass, of Scottsboro, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon an indictment charging him with the offense of murder in the second degree, this appellant was put to trial and was convicted of the offense of manslaughter in the first degree; his punishment was fixed at five years' imprisonment in the penitentiary.

There is but slight conflict in the evidence. Appellant voluntarily stated that he killed Ellis Colvin by shooting him with a gun. In each instance, however, when making such statements he insisted that he shot him in defense of his own life, and that Col-