160 So. 708
### DILLON v. HAMILTON, Tax Collector.
6 Div. 709.

Supreme Court of Alabama.
March 21, 1935.

Rehearing Denied April 25, 1935.

Ernest Matthews, Crampton Harris, and Horace C. Wilkinson, all of Birmingham, for appellant.

312

Jelks H. Cabaniss and Jos. F. Johnston, both of Birmingham, for appellee.

FOSTER, Justice.

Appellant was tax assessor of Jefferson county for the four-year term beginning October 1, 1927, and ending September 30, 1931. He sues to recover commissions as follows: On assessments in town of Homewood (this was allowed by the circuit court), $172.29; on assessments in city of Bessemer, $160.56; on special 3-mill county tax, $9,856.89; on special 3-mill district tax, $2,303.68.

The last two items are those of chief importance to appellant.

The special county tax was levied and assessed by authority of section 1, Amendment 3, to the Constitution (see Code 1923, vol. 1, p. 429). The special district tax was by virtue of section 2 of that Amendment. The contention is primarily based upon the claim that the proviso in the Act of November 1, 1921 (Gen. & Loc. Acts 1921, Sp. Sess., p. 48), applicable to counties of more than 150,000, is violative of section 106 of the Constitution, because it has exclusive local application, and was not published as thus required, and that the commission claimed is by virtue of a resolution of the board of revenue fixing a commission of 1 per cent. on such taxes for the assessor, as authorized by law prior to its enactment as well as by another provision of said act; and that there is no valid law requiring him to pay the amount of such commission into the county treasury, because, though such laws were enacted, they each violate section 106 of the Constitution. Brandon v. Chambers, 229 Ala. 327, 157 So. 235; Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41.

The board of revenue fixed the commission in 1919, before the act of 1921, but that act did not change the law theretofore existing, except to add the proviso. But if the proviso is valid, it has the effect of eliminating the provision for commissions on the three-mill special tax and of fixing a salary in lieu of it. In that event there is no amount of commissions on that account subject to be paid into the county treasury. If the proviso was invalid, the resolution of the board of revenue operated as to that tax until the effective date of the Code, § 3040. Of course, if the act of 1921 is local, the requirements of section 106, Constitution, must have been complied with.

The question in that respect relates to the act as a whole, and not to a part. It is either a local act, or a general act. It cannot be divided so that a part will be local and a part general requiring notice as to a part, and none as to the balance. Its local features are to be considered in determining whether the act should be treated as one which is local or general. If the entire act, as well as section 3040, Code, go down as violative of the Constitution, we would come to the contention that the commission on the special 3-mill school tax should not be paid into the treasury. The claim as to the invalidity of the law is based on our cases of Brandon v. Chambers, 157 So. 235, and Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41.

We cannot sustain that contention (1) because the act is general for that it applies to the whole state in some form, section 110, Constitution; and (2) because its substance was adopted into and re-enacted as section 3040, Code, or was superseded by it, as applicable to tax assessors, and as section 3048 is applicable to tax collectors, in which no commission is provided for on such taxes in counties of more than 150,000.

1. The act of 1921 undertakes to amend section 197 of the General Revenue Act of 1919 (Gen. Acts 1919, p. 342). That section was by the amendment changed only to contain the proviso now sought to be declared unconstitutional, and which admittedly has application now only to Jefferson, and cannot include any other county, except Montgomery, without an amendment of section 96, Constitution, since that section has been in effect amended as to those counties. Const. Amendment 2 (see Code 1923, vol. 1, p. 429); Amendment 4 (see Code 1923, vol. 1, p. 430). But section 197 of the General Revenue Act applied to the whole state as well after as before its amendment and not affected by it in that respect. It is not necessary for a general law fixing fees and allowances to apply uniformly to the whole state, provided it applies in some form to it all (section 110, Constitution), presently or prospectively, and so long as section 96, Constitution, as amended, is not violated. Mobile County v. Byrne, 218 Ala. 5, 117 So. 83; Vaughn v. State, 212 Ala. 461, 103 So. 38. We have often held that a general law may have unequal public application (except, of course, as otherwise provided by the Constitution), State ex rel. Collman v. Pitts, 160 Ala. 133 (7), 49 So. 441, 686, 135 Am. St. Rep. 79; In re Opinions of Justices, 215 Ala. 524, 111 So. 312; Smith v.

Stiles, 195 Ala. 107, 70 So. 905; State v. Merrill, 218 Ala. 149, 117 So. 473, but not as it may affect individuals, private corporations, or associations, who are entitled to the equal protection of the laws. Section 1 and 108, Constitution; Beauvoir Club v. State, 148 Ala. 643, 42 So. 1040, 121 Am. St. Rep. 82.

It follows that the proviso to the act of 1921 does not make it a local law, so as to come within the requirements of section 106 of the Constitution; neither is the proviso itself thereby invalidated.

2. The law which fixes the commissions or salary of the tax assessor for assessing the 3-mill county and 3-mill district school tax is not now dependent upon, nor controlled by, the act of 1921, now under discussion. It was so until the effective date of the Code of 1923. Prior to the acts of 1919 and 1921, this commission was provided by section 2097, Code 1907, except as changed by law for Jefferson county. Acts of September 14, 1915 (Loc. Acts 1915, p. 374).

When the Legislature adopted the Code of 1923 by Act approved August 17, 1923 (Gen. Acts 1923, p. 128), those features of the act of 1921, applicable to tax assessors, which were thought advisable, were written into section 3040; other provisions were substituted for those authorizing the commissioners' court to fix commissions on school funds. So that the adoption of the Code enacts the law as set out in section 3040, independent of and superseding the act of 1921, so far as it conflicts with it or changes it. If the act of 1921 had been unconstitutional, and invalid when passed, its provisions, which are incorporated in the Code section, and there re-enacted, became thereby valid. Gibson v. State, 214 Ala. 38, 106 So. 231; Bluthenthal v. I. Trager & Co., 131 Ala. 639, 31 So. 622; Bales v. State, 63 Ala. 30; Hoover v. State, 59 Ala. 57.

So that the law is now declared in section 3040, Code, and not by the act of 1921. That section purports to have general application throughout the state. The proviso as set out in the act of 1921 is written into the Code section. It contains the provision which only applies now or hereafter to Jefferson or Montgomery counties, though by its terms it includes in one classification all counties with a population now or hereafter of more than 150,000. Other counties than Jefferson and Montgomery are within the uniform provisions of section 96, Constitution, Crow v. Board of School Com'rs of Mobile County, 228 Ala. 107, 152 So. 26, but it

nevertheless applies to the whole state, though not uniformly by authority of the constitutional amendments. But if it were a local law there is nothing in the Constitution to prevent the Code from containing a provision of local application. Section 106 does not apply to the general Code of laws referred to in section 45. Gibson v. State, 214 Ala. 38, 106 So. 231; Ex parte Thomas, 113 Ala. 1, 21 So. 369.

■ Our view is that section 3040, as well as the act of 1921, eliminates all commission on the 3-mill school tax applicable to Jefferson county, and there is no provision of law now in effect in that county for such commissions for the tax assessor, so far as our attention has been called to applicable acts. There is therefore no basis for appellant's claim on that account.

### Commission on Bessemer Assessments.

By a Local Act approved September 5, 1923 (Loc. Acts 1923, pp. 134 to 143), the tax assessor of Jefferson county is required to perform certain duties in respect to the assessment of city taxes for Bessemer in that county. The tax collector of the county collects such taxes, and it is provided in section 36 (page 142) that the tax assessor shall receive from the collector out of moneys so collected three-tenths of 1 per cent. thereof as a commission.

Appellant likewise claims for that amount $160.56 for the year ending September 30, 1931. The act of 1915 (Loc. Acts 1915, p. 374), fixing the salary of the tax assessor at $4,000 per annum, provides in section 2 (page 374), that all commissions "now" (then) authorized by law for him as such shall continue to be collected by him and then paid by him into the county treasury. Waldrop v. Henry, 207 Ala. 128, 92 So. 425. The act of 1923 (Gen. Acts 1923, p. 248), which provides for a salary of $6,000 per annum, likewise in section 2 (page 248), prescribes the same program as to commissions and allowances. Another Act of September 2, 1927 (Gen. Acts 1927, p. 645), provides for $1,800 a year for ex officio services rendered by the tax assessor. The Act of July 10, 1931 (Gen. Acts 1931, p. 441), also directs the county officers in all counties with a population of more than 300,000 to pay into the county treasury all commissions derived from that office, and in section 2 (page 442), it is provided that the salary fixed by law shall be the sole and only compensation they shall receive for performing the duties of the office.

■ Appellant contends that the act of 1915 does not apply to the commission for assessing the Bessemer taxes enacted in 1923 (Waldrop v. Henry, 207 Ala. 128, 92 So. 425); that section 2 of the Act of September 7, 1923 (Gen. Acts 1923, p. 248), and the act of 1931 (Gen. Acts 1931, p. 441), are violative of section 106 of the Constitution, on the authority of Brandon v. Chambers (Ala. Sup.) 157 So. 235, and therefore that there is no law that requires plaintiff to pay into the treasury the commission allowed by the Local Act of September 5, 1923 (Loc. Acts 1923, p. 142, § 36). Appellant relies upon the settled principle that, when additional duties were imposed after the salary was fixed by the Local Act of 1915, he was authorized to receive additional compensation provided for such additional duties. Waldrop v. Henry, 207 Ala. 128, 92 So. 425; Jackson v. Sherrod, 207 Ala. 245, 92 So. 481; Jefferson County v. Waldrop, 207 Ala. 606, 93 So. 540; Tayloe v. Davis, 212 Ala. 282, 102 So. 433, 40 A. L. R. 1052.

That theory is well supported. If section 2 of the Act of September 7, 1923 (Gen. Acts 1923, p. 248) is a local law, and its enactment violates section 106 of the Constitution, likewise section 1 (page 248) is the same, and the whole act is a local act, and there is no other provision for the $6,000 salary plaintiff received for the year ending September 30, 1931, the same year in which he claims the commission, and for each of the other years during his term of office. And for the same reason, the Act of September 2, 1927 (Gen. Acts 1927, p. 645), providing for ex officio services, as well as the act of 1931 (Gen. Acts 1931, p. 441), may be local laws.

■ The Bessemer Act of September 5, 1923 (Loc. Acts 1923, p. 142, § 36), which provides for the commission is a local law and section 106 was presumably complied with. Two days later what was intended as a general law of September 7, 1923 (Gen. Acts 1923, p. 248), was approved not only providing that the commissions shall be paid into the county treasury, but also increased his salary from $4,000 to $6,000. It was also later that the ex officio fee of $1,800 per annum was provided.

The agreed statement of facts is that plaintiff has collected for his last year, as well as for the others, the $6,000 as in the Act of September 7, 1923, and the $1,800 for ex officio fees as in the act of 1927.

■ The concrete question is, therefore, Can he while retaining the full $6,000 for that year's services (and he does not offer to refund the extra $2,000), contained in the act for his benefit, repudiate as unconstitutional that feature of it requiring him to pay

the amount of the commissions into the county treasury? The general rule is that one claiming and asserting rights under a statute cannot be heard to assail its constitutionality. Baldwin v. Kouns, 81 Ala. 272, 2 So. 638; Kansas City, M. & B. R. Co. v. Stiles, 242 U. S. 111, 37 S. Ct. 58, 61 L. Ed. 176; In re Voluntary Assignment of Tarnowski, 191 Wis. 279, 210 N. W. 836, 49 A. L. R. 686; 10 R. C. L. 836.

■ We have no doubt of the soundness of the principle as applied to an officer. Neither he nor an individual can accept and retain the benefits of an act which is or may be unconstitutional and void, and while retaining such benefits be relieved of the burdens which that act imposes upon him. 12 Corpus Juris, 770, § 193; 10 R. C. L. 720; Gross v. Board of Com'rs of Whitley County, 158 Ind. 531, 64 N. E. 25, 58 L. R. A. 394; Greene County v. Lydy, 263 Mo. 77, 172 S. W. 376, Ann. Cas. 1917C, 274. Many authorities are cited in note on page 284 of Ann. Cas. 1917C.

■ It is urged that one cannot be estopped in respect to a matter as to which he is incompetent to contract; that he cannot contract in respect to the salary of an office which he holds and where the salary is fixed by law. 22 R. C. L. 538.

And it is also insisted that it is against public policy for him to agree with the county that, while his salary is fixed by law at $4,000 a year and certain commissions (for city of Bessemer assessments), he shall have $6,000 and no such commissions. Therefore, he cannot be estopped so as to create that effect.

But that is not the nature of the estoppel here applicable, but rather that so long as he retains the extra $2,000 he cannot also have the commission. One cannot at the same time occupy two antagonistic positions regarding any situation to the disadvantage of another. 21 Corpus Juris, 1202. The result is only to create a temporary status which will continue so long as it is maintained, but not to fix a permanent situation equal to the effect of a contract which he could not make. Many cases so hold, note, Ann. Cases 1917C, 284 et seq., and none to the contrary so far as we have noted. This doctrine would not prevent appellant from surrendering the $2,000, and then claim the $160.56 for the Bessemer assessments, considering only the Act of September 7, 1923 (Gen. Acts 1923, p. 248), and the Bessemer Act of September 5, 1923, in connection with the salary act of 1915.

Our conclusion is that there is no reversible error which appears in the judgment of the circuit court of which appellant has complained.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.