162 So. 406

**BARNES, Court Clerk, v. STATE ex rel. TATE.**

**2 Div. 63.**

Supreme Court of Alabama.

June 20, 1935.

Pitts & Pitts, of Selma, for petitioner.

Pettus & Fuller, of Selma, for respondent.

FOSTER, Justice.

The only question on this petition is whether the Act of October 19, 1932 (p. 102), which amends section 3762, Code, so that witnesses shall receive 75 cents per day, instead of $1, has the effect of repealing the Local Act of February 18, 1895 (p. 673), which fixes such fees at 50 cents in Dallas county. The trial court held that it did have that effect. The Court of Appeals adopted that view also.

When the local act of 1895, supra, was adopted, it made a change in the law in respect to witness fees in criminal cases, applicable to Dallas county. The law in other counties provided for the same amount of such fees as in civil cases, section 4886, Code of 1886, which was fixed at $1 and 50 cents per day. Section 2841 of that Code. The Code of 1896 made such fee 50 cents generally in the state. Section 4583. So that they were then uniform throughout the state, apparently, except that the Dallas county act provided mileage at 2½ cents, and section 4583 fixed the mileage at 3 cents with some other minor changes. The general act of February 23, 1899 (page 59), made the per diem $1 and the mileage 5 cents, and such is true in section 3762, supra, before the amendatory act of 1932, supra. We assume for the sake of this discussion that neither the act of 1899, nor the adoption of the several Codes had the effect of changing the local law in Dallas county.

We are asked to review the holding that the act of 1932 amending section 3762, Code of 1923, repealed the local act of 1895 for Dallas county. The amendatory act was adopted of course subsequent to the Constitution of 1901, containing section 96, requiring all such acts to apply to all counties in the state (except Jefferson and Montgomery, by amendments). Daly v. Johnson, 225 Ala. 6, 141 So. 909; Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41; Crow v. Board of Com'rs, 228 Ala. 107, 152 So. 26. So that if the Act of 1932 is not applicable to Dallas county, it violates section 96 and is void, although it only purports to amend a Code section, which was theretofore of limited application. Its language is sufficient to include Dallas county, though the Code section may not have theretofore so applied.

Giving it an interpretation which will not offend section 96, and which is not unreasonable, will uphold it, when making it applicable to all counties, except to Dallas, will strike it down in its entirety. We think, therefore, that the Legislature must have intended to apply it so as to uphold it. As a valid act, it governs generally in all counties except those exempted from section 96, and having a local law, and repeals local laws in other counties in conflict.

We prefer to base our concurrence in the result reached in the trial court upon the basis of that reasoning, considered in connection with the theory suggested in Isbell v. Shelby County, 10 Ala. App. 636, 65 So. 706, in which section 96, supra, is not mentioned, perhaps by oversight. Upon the basis of the theory of that case alone, the act of 1899, supra, might be held to have repealed the Dallas county local act.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.