168 So. 194

### MOSES et al. v. TIGNER.

4 Div. 878.

Supreme Court of Alabama.

April 9, 1936.

Rehearing Denied May 28, 1936.

Roy L. Smith, of Phenix City, for appellants.

J. W. Brassell, of Phenix City, for appellee.

GARDNER, Justice.

This proceeding involves the validity of the Local Act of September 13, 1935 (Loc. Acts 1935, p. 255), appropriating out of the general funds in the treasury of Russell county the sum of $1,100, as reimbursement to petitioner, tax assessor of said county, for salary paid by him to a deputy assessor located at the branch courthouse of the county, as was authorized by the Act of April 11, 1933. General Acts, Extra Session, 1933, p. 120.

But the act of 1933, so authorizing such deputy and the payment of his salary of $600 per year out of the county's general funds, was declared violative of section 106 of our Constitution, and petitioner denied relief in Moses v. Tigner, 26 Ala.App. 325, 159 So. 259; this court having previously so advised in response to certification of the question by the Court of Appeals. Moses v. Tigner, 229 Ala. 645, 159 So. 258.

It was in consequence of this decision, and for the reimbursement of petitioner, who acted upon the assumed validity of the 1933 act, that the Legislature passed the 1935 act here in question.

Respondents' argument rests upon the theory that petitioner, holding the office of tax assessor, could not have his compensation increased during the term by reason of section 281 of our Constitution, and that the act also offended sections 104 and 96 of the Constitution; that petitioner assumed the office with its burdens (McElderry v. Abercrombie, 213 Ala. 289, 104 So. 671); and that additional duties were not imposed justifying any such expenditure, citing State v. Henry, 224 Ala. 224, 139 So. 278, 279; Tayloe v. Davis, 212 Ala. 282, 102 So. 433, 40 A.L.R. 1052. For reference purpose may be noted the act establishing the branch courthouse (Loc. Acts 1927, p. 175), and another local act rearranging the county boundary line (Loc. Acts, Ex.Sess.1932, p. 16), in connection

458

with some of the litigated cases arising from the local controversy represented by these several acts. Pitts v. Culpepper, 229 Ala. 449, 157 So. 841; Johnson v. State, 26 Ala.App. 476, 162 So. 553; Moses v. Tigner, supra; State ex rel. Edmunds v. Moses, 231 Ala. 215, 164 So. 562.

But we do not consider this line of argument here applicable. Petitioner is not here seeking compensation as an officer under any act allowing the same. This he did in Moses v. Tigner, supra, and lost. The relief now sought is based upon an appropriation made by the Legislature to reimburse him for funds expended under express authority of the lawmaking body, though it proved an authority illegal because of constitutional provisions.

The sole question here, therefore, is whether or not the Legislature has the right to come to his relief. We are of the opinion that the principle recognized and applied in Board of Revenue and Road Com'rs v. Puckett, 227 Ala. 374, 149 So. 850, answers the question in the affirmative. This court there gave force to a moral obligation against the county, and while admitting the appropriation by the lawmaking body must be for a public purpose, yet recognized that the payment of a just claim against the county was necessarily for a public purpose. This holding was in harmony with State v. Clements, 220 Ala. 515, 126 So. 162, therein cited, involving an appropriation out of the state treasury. The Puckett Case, supra, involved the general funds of the county, which were held to be within the legislative control, and the theory was, not that the act validated an unlawful claim, but that it was "the payment of a just and righteous demand, though not legal."

So, in the instant case. The validity of the original salary act is not involved. But the officer acted thereunder, and paid out the funds therein authorized. The payment was illegal, to be sure. But we know of no constitutional inhibition against the Legislature (supreme in its power, unless restrained by some provision of our State or Federal Constitutions) giving recognition to the moral obligation thus created and arising from its own act, and reimbursing the officer who made the expenditure on the strength thereof.

The assumption is that the Legislature has acted in good faith and for reimbursement in recognition of a moral obligation as disclosed upon the face of the act. So considered, we think the act comes within the influence of the Puckett Case, supra, and that the judgment of the court below is therefore due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.