6 So.2d 898

**STATE ex rel. DORLAN v. STONE,
Treasurer of Mobile County.**

I Div. 363.

Court of Appeals of Alabama.

Feb. 17, 1942.

Rehearing Denied March 17, 1942.

414

Gordon & Gordon, of Mobile, for appellee.

SIMPSON, Judge.

The appeal is from an order denying petition for mandamus which sought to enforce payment of the salary of petitioner, while acting as probation officer of the Court of Domestic Relations of Mobile County.

The Act of the Legislature creating the Court of Domestic Relations (Gen.Acts. Reg.Sess., 1931, No. 401, p. 479 et seq.) was declared unconstitutional. Kearley v. State, 223 Ala. 548, 137 So. 424.

Thereafter, the State Legislature enacted a law authorizing and directing the payment of the salaries which should have been paid to each of those persons who, respectively, served as officers of said court prior to its invalidation. Local Acts, Alabama, Extra Sess., 1932, No. 76, p. 24.

The material inquiry, on this appeal, is the validity, vel non, of the last Act, above (providing for payment of the salaries of the officers of the Court of Domestic Relations), as considered and construed in connection with Section 94 of the State Constitution.

The contention of appellee (respondent below) is that the Act offends Section 94 of the Constitution, which stipulates: "The Legislature shall not have power to authorize any county, city, town, or other subdivision of this State to lend its credit, *or to grant public money or thing of value in aid of, or to any individual,* association or corporation whatsoever, or to become a stockholder in any such corporation, association or company, by issuing bonds or otherwise." (Italics supplied.)

Wm. B. & C. C. Inge, of Mobile, for appellant.

In approaching a decision of the question, we are, of course, guided by well-known rules of construction. We will indulge every presumption and intendment in favor of the validity of the Act and seek to sustain it, rather than strike it down. Only a clear violation of the Constitution can justify the courts in overruling the legislative will, and we will not do so unless convinced beyond a reasonable doubt of its unconstitutionality. 4 Ala.Digest, Constitutional Law, ☞ 48.

Also, the Constitution (Section 94) is not infracted when the appropriation by the Legislature is to pay an honorable and righteous claim, though legally unenforceable, if for a public purpose. Board of Revenue and Road Com'rs of Mobile County v. Puckett, 227 Ala. 374, 149 So. 850.

Likewise, it is established "that the payment of a just claim against the county was [is] necessarily for a public purpose." Moses v. Tigner, 232 Ala. 457, 168 So. 194, 195, citing Puckett case, supra, and State v. Clements, 220 Ala. 515, 126 So. 162.

In short, an appropriation by the Legislature to pay a just demand, unenforceable except as a moral obligation, is for a "public purpose" and not proscribed by Section 94, Constitution. 17 Ala.Digest, States, ☞ 119; Puckett and Moses v. Tigner cases, supra.

Another settled principle is that the Legislature's determination of the question, whether the appropriation of public funds to an individual is a donation or for a public purpose, is conclusive unless *clearly* wrong. Puckett case, supra.

Keeping in mind these principles of canonical construction, we must conclude that the appropriation authorized by the questioned Act is in substance and effect no different from those already given approval by our Supreme Court in the cases hereinabove cited.

The appropriation here involves no different principle than that approved in the Clements case, supra, i. e. an appropriation for a member of the State Militia injured in line of duty; nor that sanctioned in the Puckett case, supra, an appropriation of county funds as compensation to widow for husband's death occurring while performing his duties as county employee; nor the appropriation given approval by the court in Moses v. Tigner, supra. The underlying principle announced and applied in these decisions governs conclusively the issue presented here.

That there is a moral obligation on the part of the county to pay the salaries of the officers of the Court of Domestic Relations cannot be doubted. It is a claim, though legally unenforceable, which may be recognized as a "moral claim, one based on equity and justice" State of Wyoming v. Carter, 30 Wyo. 22, 215 P. 477, 479, 28 A.L.R. 1089, cited in Puckett case, supra, 227 Ala. page 377, 149 So. 850. Or, paraphrasing the quotation from United States v. Realty Co. (cited in Puckett case), "it is based upon considerations of a moral or merely honorary nature, such as are binding on the conscience or the honor of an individual, although the debt could obtain no recognition in a court of law." United States v. Realty Co., 163 U.S. 427, 16 S.Ct. 1120, 1125, 41 L.Ed. 215. Being so, our courts hold that an appropriation to pay such a claim is not a donation, but for a public purpose, and not offensive to Section 94 of our Constitution.

Our conclusion is that the Act comes within the influence of the authorities cited hereinabove and is not subject to the charge of constitutional infringement leveled against it.

The case is before us on appeal by the original petitioner from an order of nonsuit by reason of the adverse rulings of the lower court upon the pleading, that court having sustained the demurrers to the petition.

As stated, the primary issue presented by the demurrers to the petition was the question of the constitutionality, or not, of the local salary appropriation act of 1932. It is observed, however, that the other matters raised by the demurrers are likewise unmeritorious. The petition, in our view, was subject to none of the assigned demurrers.

The ruling of the trial court being contrary to this conclusion, the judgment is reversed and the cause remanded for further proceedings in harmony herewith.

Reversed and remanded.

## On Rehearing.

PER CURIAM.

There was a division of opinion among the judges of this court, upon reconsideration of the case on rehearing, as to the constitutional question treated hereinabove.

Pursuant to the statute (Code 1940, Title 13, Section 88), the issue was certified to the Supreme Court for determination. The certification was responded to as follows: "To the Court of Appeals of Alabama:

"Gardner, Chief Justice:

"Responding to your certification as to the constitutional question involved in the case of State of Alabama ex rel. George A. Dorlan v. George E. Stone, as Treasurer of Mobile County, Alabama, we state our conclusion that the opinion of Simpson, Judge, accompanying this certificate is correct and fully sustained by the authorities therein cited. There is in principle no distinction to be drawn between the Acts held valid in Moses v. Tigner, 232 Ala. 457, 168 So. 194, and Board of Revenue of Mobile County v. Puckett, 227 Ala. 374, 149 So. 850, and the Act assailed in the instant case.

"As the above noted opinion contains a full discussion we feel that nothing more need be added.

"Let the result be certified as herein indicated.

"All Justices concur except Knight, J., not sitting."

The result is that our original conclusion reversing the judgment of the trial court is sustained. The application for rehearing is, therefore, overruled.

Opinion extended and application overruled.